# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALEXANDER LEONARD,<br>Petitioner, | Civil Action No. 1:08-cv-087 |
| vs. | Dlott, J.<br>Hogan, M.J. |
| WARDEN, LEBANON CORRECTIONAL<br>INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse brief. (Doc. 7).

## I. PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> Defendant-appellant Alexander Leonard was convicted of robbery, having weapons while under a disability, and possessing cocaine. He was sentenced to concurrent terms of a year for having weapons while under a disability and 17 months for possessing cocaine. On the robbery charge, Leonard was sentenced to five years' intensive community control, to begin after the other sentences were served. The trial court told Leonard that a community-control violation would result in eight years' incarceration. Leonard served 17 months and was released. He had been on community control five days when his community-control officer visited the apartment he was sharing with his two brothers. As a condition of his community control, Leonard was prohibited from owning, possessing, or carrying a firearm. The officer found a loaded shotgun in plain view in one of the

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

bedrooms. Leonard first stated that he did not know that the shotgun was in the apartment. He later said that he knew the shotgun was in the apartment, but that it did not belong to him.

The officer filed a report of a community-control violation against Leonard. At the community-control revocation hearing, Leonard's brother testified that the shotgun was in his bedroom, that the gun belonged to a cousin, that he was "holding" the shotgun for the cousin, and that Leonard did not know that the gun was in the apartment. The trial court found Leonard guilty of the community-control violation and sentenced him to seven years' incarceration on the robbery charge.

(Doc. 6, Exh. 9).

## State Court Trial Proceedings

In November 2004, petitioner was indicted on one count of aggravated robbery with specifications, one count of robbery with specifications, one count of having weapons while under disability, one count of carrying concealed weapons, one count of possession of cocaine, and one count of obstructing official business. (Doc. 6, Exh. 1). Petitioner waived his right to a jury trial and was tried before a judge. (Doc. 6, Exh. 2). Petitioner was found guilty of robbery with both specifications being dismissed, guilty of having weapons while under a disability, and guilty of possession of cocaine. All other counts were dismissed. (Doc. 6, Exh. 3). On February 7, 2005, the trial court imposed terms of one year imprisonment for the weapons charge and a seventeen month concurrent term for the possession charge, for an aggregate term of seventeen months incarceration. (Doc. 6, Exh. 4). Petitioner was sentenced to five years community control on the robbery conviction to begin after the seventeen month prison term. Petitioner was advised in the sentencing entry that if he violated community control he would be sentenced to eight years incarceration on the robbery charge. Petitioner was given four months credit for jail time.

2

(Doc. 6, Exh. 4).

After serving the mandatory seventeen months imprisonment, petitioner was released to community control. He was later charged with violating the conditions of his community control and found guilty of a community control violation. (Doc. 6, Exh. 5). On April 4, 2006, petitioner's community control was revoked and he was sentenced to a term of seven years incarceration. Petitioner was given seventeen months of credit for the time he had served on the other two sentences and further advised that his prison term included three years of post release control. (Doc. 6, Exh. 5).

**Direct Appeal**

Petitioner filed a timely pro se appeal to the First District Court of Appeals, Hamilton County, Ohio. (Doc. 6, Exh. 6). He was appointed new counsel and raised the following assignments of error:

1. The trial court erred in finding a probation violation occurred.

   A. The trial court ruled against the manifest weight of the evidence when it found a probation violation had occurred.

2. A trial court may not engage in judicial findings beyond those stipulated by the defendant or determined by a jury.

(Doc. 6, Exh. 7). On May 2, 2007, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Exh. 9).

Petitioner filed a timely pro se appeal to the Ohio Supreme Court. (Doc. 6, Exh. 10). He presented the following propositions of law:

1. WHERE A SENTENCE IN A CRIMINAL CASE IS ENHANCED BEYOND THE STATUTORY MAXIMUM BASED UPON JUDICIAL FACT FINDING OF FACTS NOT CHARGED, AND THE ISSUE IS RAISED ON DIRECT

APPEAL, REVERSAL IS MANDATORY.

2. WHERE APPELLATE COUNSEL FAILS TO RAISE SIGNIFICANT AND OBVIOUS CONSTITUTIONAL ERRORS ON APPEAL IN FAVOR OF WEAKER ARGUMENTS WITH LITTLE OR NO CHANCE OF SUCCESS, SUCH COUNSEL IS INEFFECTIVE WITHIN THE MEANING OF THE CONSTITUTION.

3. WHERE THERE IS AN ABSENCE OF EVIDENCE TO SUPPORT A CHARGE, MERE PRESENCE MAY NOT BE USED TO JUSTIFY A FINDING OF GUILT UNDER THE DUE PROCESS CLAUSE.

(Doc. 6, Exh. 11). On September 26, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 13).

### Federal Habeas Corpus

On February 6, 2008, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in this Court. (Doc. 1). The petition sets forth three grounds for relief:

**GROUND ONE:** DUE PROCESS VIOLATION WHERE EVIDENCE INSUFFICIENT TO SUPPORT CONVICTION FOR WEAPONS UNDER DISABILITY.

**Supporting Facts**: Both at trial and revocation hearing State of Ohio adduced no evidence upon which reasonable minds could conclude that Petitioner possessed, acquired or had dominion over a deadly weapon.

**GROUND TWO**: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

**Supporting Facts**: Appellate counsel failed to raise sufficiency of the evidence claim thereby failing to federalize claim; counsel also failed to raise and argue trial counsel's ineffectiveness in not objecting to petitioner's void sentence which constitutes a "State Constitutional structural defect" under Article I, Section 10. Ohio Constitution & Apprendi-Blakely Rule.

**GROUND THREE:** SENTENCE VOID AS EXCEEDING MAXIMUM SENTENCE ALLOWED UNDER DUE PROCESS CLAUSE OF U.S. CONSTITUTION.

**Supporting Facts:** State trial court made and used judicial factfindings to impose

4

more than presumptive maximum sentence in violation of Apprendi-Blakely rule
and exceeded its jurisdiction in imposing consecutive sentence a "State
Constitutional structural defect."

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state

5

> court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

## III. GROUND ONE RELATING TO TRIAL ERRORS SHOULD BE DENIED AS TIME-BARRED.

Ground One of the petition alleges, in part, that there was insufficient evidence adduced at trial to convict petitioner for the crime of having weapons under a disability. This claim is barred by the one-year statute of limitations governing habeas corpus actions set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is

6

removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner's claim is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Petitioner seeks habeas corpus relief based on alleged errors that occurred at trial. Because nothing in the record suggests that petitioner could not discover the factual predicate of his claim at the time he was convicted, this claim is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), petitioner's conviction became "final" on March 10, 2005, upon expiration of the 30 day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued February 7, 2005. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on March 11, 2005, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 11, 2006, absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000).

Petitioner did not file any appeals or post-trial motions subsequent to his original conviction to toll the running of the statute. His appeals after the revocation of his community control do not serve to toll the statute of limitations because the statute had already expired before his community control was revoked and such appeals were filed. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired prior to the revocation of petitioner's community control and his subsequent appeals, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on March 11, 2006. Petitioner's habeas corpus petition was filed in this Court in February 2008 and, accordingly, was submitted nearly two years too late to raise claims relating to alleged trial errors.

In his traverse brief, petitioner does not address the statute of limitations defense raised by respondent, nor does he set forth any circumstances for equitable tolling of the statute of limitations. He has not shown tolling is appropriate based on a showing of "actual innocence." *See Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005) (applying equitable tolling "based on a credible showing of actual innocence"). In addition, there is no evidence in the record even remotely

8

suggesting that petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001) (examining five factors to determine appropriateness of equitable tolling)[2]. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), Ground One of the petition relating to trial errors is time-barred and should be denied.

## IV. SUFFICIENT EVIDENCE SUPPORTS THE REVOCATION OF PETITIONER'S COMMUNITY CONTROL.

Ground One of the petition also asserts that the evidence presented at the revocation hearing was insufficient to support the trial court's decision to revoke petitioner's community control and constitutes a denial of due process. In addressing this claim, the Ohio Court of Appeals determined the following:

> To support the revocation of a community control sanction, the state must prove by substantial evidence that the offender violated the terms of his community control. [*State v. Dunaway*, 1st Dist. No. C-010518, 2002-Ohio-3290; *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821; *State v. Mingua* (1974), 42 Ohio App.2d 35, 327 N.E.2d 791.] Where the state provides substantial evidence of a violation, the trial court has the discretion to revoke an offender's community control. [*See id.*] The trial court is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. [*See State v. Dunaway,*

---

[2]Under *Dunlap*, the Court considers the following factors:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

9

> *supra*; *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.]
>
> The shotgun was found in plain view in a small apartment that Leonard shared with his brothers. The court was free to disbelieve Leonard's brother's testimony about the shotgun's origin. We hold that the record contains substantial evidence from which the trial court could have concluded that Leonard had violated the terms of his community-control sanction. The first assignment of error is overruled.

(Doc. 6, Exh. 9 at 2).

"Although revocation of probation is not part of a criminal prosecution, and thus the full panoply of due process protections accorded a defendant in such a proceeding do not apply to a revocation proceeding, the loss of freedom embodied in the revocation of probation constitutes a deprivation of a defendant's liberty." *U.S. v. Dodson*, 25 F.3d 385, 388 (6th Cir. 1994) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). The Supreme Court has determined that defendants are entitled to the following due process protections before probation may be revoked: (a) written notice of the claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses unless there is good cause to disallow confrontation, (e) a neutral and detached hearing body and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *See Gagnon*, 411 U.S. at 786 (adopting the due process requirements for revocation of parole as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Additionally, the probationer may have the right to the assistance of counsel under certain circumstances. *Gagnon*, 411 U.S. at 790.

While the Supreme Court has not precisely held that due process requires sufficient

evidence to support the revocation of probation, it has suggested this. *See Black v. Romano,* 471 U.S. 606, 615-616 (1985) ("The decision to revoke Romano's probation satisfied the requirements of due process. In conformance with *Gagnon* and *Morrissey,* the State afforded respondent a final revocation hearing. The courts below concluded, and we agree, that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation."). *See also Douglas v. Buder,* 412 U.S. 430 (1973) (per curiam) (probation revocation invalid under Due Process Clause where there was no evidentiary support for finding that probation conditions were violated). The minimal due process protections which attach to revocation proceedings do not require proof beyond a reasonable doubt that the defendant committed the alleged acts. *See Sampson v. California,* 126 S.Ct. 2193, 2197-2198 (2006) (citing *United States v. Knights,* 534 U.S. 112, 120 (2001)). In Ohio, the prosecution bears the burden of establishing a probation violation by substantial evidence. *See State v. Hylton,* 75 Ohio App.3d 778, 600 N.E.2d 821 (Ohio App. 4th Dist. 1991); *State v. Mingua,* 42 Ohio App.2d 35, 327 N.E.2d 791 (Ohio App. 2nd Dist. 1974).

In the instant case, the undersigned finds that the due process requirements under controlling Supreme Court authority were satisfied. Petitioner was given notice of the grounds upon which revocation of community control was proposed and an opportunity to contest those grounds in a hearing before the trial court at which he was represented by counsel. He was given the opportunity to confront the prosecution's witness and present witnesses in his own defense. The trial court thoroughly explained his decision on the record. (Doc. 6, Exh. 14). Nor was there a failure of proof: the evidence presented on the charged violation was more than sufficient to sustain the conclusion that petitioner violated the condition that he not own, possess, or carry a

11

firearm. *See State v. Dinger*, 2005 WL 3536531, 2 (Ohio App. 7 Dist. 2005) ("fact that appellant knew the gun was in his home satisfies the possession restriction of firearms in Term Ten of his probation"); *State v. Cearfoss*, 2004 WL 3563911, 4 (Ohio App. 5 Dist. 2004) (violation of term of community control that appellant not possess firearm or dangerous weapons satisfied by evidence that knife and firearm found in appellant's room despite roommate's testimony that knife and firearm were his and not appellant's).

Upon review of the state court record, the Court is not persuaded that the revocation decision was based on an unreasonable factual determination based on evidence presented in the state court proceedings, nor was the state court's decision contrary to or an unreasonable application of clearly established federal law. Therefore, habeas corpus relief should be denied on Ground One of the petition.

## V. GROUNDS TWO AND THREE OF THE PETITION ARE WITHOUT MERIT AND SHOULD BE DENIED.

Ground Two of the petition asserts the ineffective assistance of appellate counsel based on counsel's alleged failure to raise a sufficiency of the evidence claim on appeal and to raise the ineffectiveness of trial counsel in not objecting to petitioner's sentence as violating *Blakely v. Washington*, 542 U.S. 296 (2004). Similarly, Ground Three of the petition asserts petitioner's sentence is void because he was sentenced to more than the presumptive maximum and given consecutive sentences in violation of *Blakely*.

Although Ground Two of the petition asserts petitioner's appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on appeal, the appellate brief filed on petitioner's behalf did reference a lack of sufficient evidence for revoking his community

12

control and the Ohio Court of Appeals addressed the claim in its decision. (Doc. 6, Exh. 7 at 3, Exh. 9). Therefore, counsel was not ineffective for his alleged failure to raise this claim on appeal. Moreover, since the Court determines that the sufficiency of the evidence claim lacks merit in any event, petitioner fails to show he was somehow prejudiced by counsel's alleged failure to raise such a claim. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Petitioner also argues he was denied his constitutional rights when he was given more than the minimum sentence authorized under Ohio Rev. Code § 2929.14(B) based on findings of fact neither admitted nor proved to a jury beyond a reasonable doubt. Petitioner argued before the Ohio Court of Appeals that the trial court based his sentencing decision in part on the need to protect the public and petitioner's brother's criminal records–facts neither stipulated to nor determined by a jury in violation of *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).[3] (Doc. 6, Exh. 7 at 3).

---

[3]In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

The Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. To remedy the unconstitutional nature of the statute, the Ohio Supreme Court severed the *Blakely*-offending portions and granted trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98.

13

Petitioner was initially sentenced in 2005 to a term of "community control," a sentence that cannot be considered more than the presumptive minimum under Ohio Rev. Code § 2929.14(B). In reality, petitioner challenges the seven year sentence he received when his community control was revoked. Petitioner argues that under Ohio Revised Code § 2929.14, any sentence of more than the minimum presumptive sentence required judicial fact-finding before *Foster* and that in *Foster* such fact-finding was found to be unconstitutional under *Blakely*.

Petitioner's argument is without merit. There is no *Blakely* violation in this matter because petitioner had no constitutional right to a jury trial or proof beyond a reasonable doubt at his community control revocation hearing. As explained by one court:

> The rule set forth in *Apprendi, Blakely* and *Cunningham*, requiring a jury determination of facts increasing a sentence beyond the statutory maximum, is based on the Sixth Amendment's jury trial guarantee and the requirement of proof beyond a reasonable doubt contained in the Due Process Clause. *See Apprendi,* 530 U.S. at 476-77; *see also Cunningham,* 127 S.Ct. at 863-64 (2007); *Shepard v. United States,* 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Blakely v. Washington,* 542 U.S. 296, 305, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). At his parole hearing, Petitioner enjoyed no constitutional right to jury trial or to proof beyond a reasonable doubt. *See United States v. Knights,* 534 U.S. 112, 120, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("trial rights to a jury and proof beyond a reasonable doubt" inapplicable in probation revocation proceedings); *United States v. Huerta-Pimentel,* 445 F.3d 1220, 1225 (9th Cir.), *cert. denied,* 549 U.S. 1014, 127 S.Ct. 545, 166 L.Ed.2d 403 (2006) ("Nor does a judge's finding, by a preponderance of the evidence, that defendant violated the conditions of supervised release raise Sixth Amendment concerns. There is no right to jury trial in such post-conviction determinations. [citations]."); *Rush v. Kane,* 2007 WL 4166032, at *7 (N.D. Cal. Nov.18, 2007) (no Supreme Court law clearly establishes applicability of *Apprendi* and its progeny to parole suitability determinations); *see also Abraham v. Marshall,* 2008 WL 2951380, at *1 (9th Cir. July 31, 2008) (unpublished) (appearing to indicate that an *Apprendi* challenge in the parole context does not raise even a colorable federal claim); *accord Duesler v. Woodford,* 269 Fed. Appx. 670 at *1 (9th Cir. Mar. 10, 2008).

*Genniro v. Salazar,* No. SA CV 08-543-JVS(E), 2008 WL 4962861, at *8 (C.D. Cal. 2008).

*See also Weaver v. Moore*, No. 1:06-cv-557, 2008 WL 697705, at *15 n.7 (S.D. Ohio March 12, 2008).

Moreover, the Ohio Revised Code authorizes the imposition of a prison term on an offender who violates the terms of his community control sanctions:

> The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [FN2] [FN2. Held to be a typographical error and corrected to (B)(5). *State v. Virasaychack*, 200 WL 1144880 (Ohio App. 8th Dist.2000).] of section 2929.19 of the Revised Code.

Ohio Rev. Code § 2929.15(B). This is exactly what happened in the instant case. Upon a finding by the trial court that petitioner violated the terms of his community control, his community control sanction was revoked and he was sentenced to a prison term of seven years, one year less than that to which he was notified when being placed on community control. (Doc. 6, Exh. 4).[4] "The Ohio statutes do not require any additional fact-finding at the time of imposition of such a sentence beyond a finding of violation of conditions of community control." *Steele v. Wolfe*, No. 1:06-cv-367, 2007 WL 3376779, at *5 (S.D. Ohio Nov. 8, 2007). "In any event, no court of which this Court is aware has yet held that the fact-finding necessary to revoke probation, parole, or community control is required to be done by a jury beyond a reasonable doubt." *Id.* The trial court imposed a sentence that was authorized by the statute, within the terms of the original sentence, and based on no additional findings of fact. Since *Blakely* does not extend to the imposition of a prison sentence on the revocation of community control,

---

[4]The trial court's judgment entry provides, in pertinent part, "The Court also advised the defendant that if he/she violates the terms and conditions of community control, the Court would impose a prison term of eight (8) years in the Department of Corrections." (Doc. 6, Exh. 4 at 2).

15

petitioner cannot establish that trial or appellate counsel was ineffective for failing to argue this claim before the state court. *Strickland*, 466 U.S. at 687.

Finally, in his traverse brief, petitioner contends his sentence is void because the state court was without jurisdiction to either convict or impose sentence upon him, citing *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) (*Colon I*). In *Colon I*, the Ohio Supreme Court held that a defective indictment which omitted the essential mens rea element of a robbery offense under Ohio Rev. Code § 2911.02(A)(2) resulted in a "structural error" that can be raised as an issue for the first time on appeal. *See id.* at 921-26. Petitioner argues that the indictment for robbery under Ohio Rev. Code § 2911.02(A)(2) in his case suffers from the same defect as the indictment in *Colon I* and therefore this structural error deprived the state trial court of jurisdiction over him.

Petitioner has not alleged any claim based on *Colon I* as a ground for relief in the instant action. However, even if he had and even if he asked for a stay of proceedings to exhaust this claim in the state courts, the claim would be "plainly meritless" because the Ohio Supreme Court has subsequently held that its holding in *Colon I* applies prospectively only, and to cases pending on April 9, 2008, when *Colon I*, was decided. *See State v. Colon*, 119 Ohio St.3d 204, 893 N.E.2d 169 (2008) (*Colon II*).

In the instant case, the Ohio Supreme Court denied petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question on September 26, 2007 (Doc. 6, Exh. 13), long before the April 9, 2008 decision in *Colon I*. Since *Colon I* does not apply retroactively, his claim based thereon is without merit.

Accordingly, Grounds Two and Three of the petition are without merit and should be

16

denied.


**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be **DENIED** with prejudice.

2. A certificate of appealability should not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims raised in the petition. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/19/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ALEXANDER LEONARD,
Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
Respondent.

Civil Action No. 1:08-cv-087

Dlott, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Alexander Leonard # 518-422<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4674 | |

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

1:08 cv 87   (Doc. 8)